IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOUR GALOVIN, :
:
Petitioner :
: CIVIL NO. 4:CV-09-0611
:
v. : (Judge Jones)
:
ERIC HOLDER, *et al.*, :
:
Respondents :

## **MEMORANDUM**

April _14_, 2009

On April 3, 2009, Petitioner Timour Galovin ("Petitioner" or "Galovin"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, incarcerated at the York County Correctional Facility in York, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). For the reasons set forth below, the Petition will be dismissed as premature.

**I.    BACKGROUND**

Petitioner is a native and citizen of the Ukraine who entered the United States on February 11, 1998 as an asylee. (*See* Doc. 1 at 4). On September 22, 2006, he was convicted in the United States District Court for the Eastern District of Michigan of

conspiracy to import a controlled substance and was sentenced to a thirty-seven (37) month term of imprisonment. (*Id.* at 4, 25, Judgment in a Criminal Case). On September 5, 2008, following release from prison, he was taken into ICE custody. (*Id.* at 4, 19, Notice of Custody Determination). On January 14, 2009, an Order of Removal was entered. (*Id.* at 3, 13, Order of the Immigration Judge). Galovin represents that he waived his right to appeal, thereby making the Order final on the same date. (*See id.*). He claims that he has fully cooperated with the efforts to remove him from the United States by providing the Deportation Officer with all of the documents available to him and by signing a travel document application form and all other documents necessary to ensure his timely removal. (*See id.* at 5). He states that his custody status first was reviewed on March 30, 2009.[1] (*See id.*)

Galovin claims that he has been detained beyond the six month "presumptively reasonable period of detention" established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See id.* at 7). He requests that this Court assume jurisdiction over this matter and grant him a writ of habeas corpus directing Respondents to immediately release him from custody. (*See id.* at 9).

---

[1] Galovin has not provided any documentation issued as a result of his custody status review. However, he attached a Notice to Alien of File Custody Review dated January 20, 2009 stating that his custody status would be reviewed on or about March 30, 2009. (*See* Doc. 1 at 14).

2

## II. DISCUSSION

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under section 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides as follows:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." *Id.* at 701. If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of deportation in the

3

reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.* Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Following *Zadvydas*, regulations have been promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future and that he is entitled to release. 8 C.F.R. § 241.13(d)(1).

In the instant case, Galovin's Order of Removal became final on January 14, 2009 when he waived his right to appeal the Immigration Judge's decision to the

Board of Immigration Appeals. (*See* Doc. 1 at 3). Therefore, the presumptively reasonable six month period began running on that date and will not expire until July 14, 2009. Moreover, Galovin states that he had his first custody review on March 30, 2009. (*See* Doc. 1 at 5). This review was timely conducted before the expiration of the ninety (90) day mandatory detention period, which will occur on April 14, 2009. *See* 8 C.F.R. § 241.4(k)(1)(i). Because the six month period established by *Zadvydas* has not yet expired, the Petition is prematurely before this Court and will be dismissed without prejudice.

An appropriate Order shall issue on today's date.